PROB. 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT

for

### WESTERN DISTRICT OF TENNESSEE

FILED BY ____ D.C.

05 OCT 14 AM 6: 47

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

**U.S.A. vs. TAMARA  MURRY**                                **Docket No. 2:05CR20063-01**

## Petition on Probation and Supervised Release

**COMES NOW   CHRISTY J. HENSON   PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Tamara Murry who was placed on supervision by the Honorable James M. Moody, sitting in the Court at Little Rock, AR on the 8th day of  November, 2004 who fixed the period of supervision at two (2) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

(1)     The defendant shall disclose financial information upon request of the U.S. Probation Office, including, but not limited to, loans, lines of credit, and tax returns.  This also includes records of any business with which the defendant is associated.  No new lines of credit shall be established without prior approval of the U.S. Probation Office.

(2)     The defendant shall pay restitution in the amount of $5,500.00   (Balance: $5,500.00)

(3)     The defendant shall serve four (4) months in a halfway house at the direction of the Probation Officer. (Added by Modification on June 10, 2005)

**Transfer of Jurisdiction accepted on March 1, 2005; case assigned to Judge Samuel H. Mays, Jr.**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**(PLEASE SEE ATTACHED)**
Page 2

**PRAYING THAT THE COURT WILL ORDER** a **SUMMONS** be issued for Tamara Murry  to appear before the Court to answer charges of violation of Probation.

**ORDER OF COURT**

Considered and ordered this 13 th day
of OCt, 20 05 , and ordered filed and
made a part of the records in the above case.

_____
**United States District Judge**

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed
on October 5, 2005

Christy J. Henson
**United States Probation Officer**

Place: Memphis, TN

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on  10 - 19 -05

**PROB 12**
**MURRY, Tamara**
**Docket No. 2:05CR20063-01**
**Page 2**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITION OF PROBATION:**

**The defendant shall serve four (4) months in a halfway house at the direction of the Probation Officer .**

On September 12, 2005, Tamara Murry was discharged from Diersen Charities of Memphis for leaving work without permission or contacting Diersen Charities  prior to leaving.  According to the discharge summary, Ms. Pittman the Employment Specialist for Diersen Charities of Memphis, called to make an employment check at Little Gifts and Blessings Daycare Center located at 969 E. McLemore Avenue, Memphis, TN 38106.  Ms. Pittman spoke with Diane White, Ms. Murry's immediate supervisor, and was informed  Ms. Murry left for the day at 12 noon. Ms. Pittman called again shortly thereafter to confirm the earlier given information and again was told Ms. Murry had left for the day.

# VIOLATION WORKSHEET

1. Defendant _____ TAMARA MURRY  (1160 Azaila Street No. 1, Memphis, TN 38106) _____

2. Docket Number (Year-Sequence-Defendant No.) _____ 2:05CR20063-01 _____

3. District/Office _____ Western District of Tennessee (Memphis) _____

| 4. Original Sentence Date | 11 | 08 | 04 |
|---|---|---|---|
| | month | day | year |

*(If different than above):*

5. Original District/Office _____ Eastern District of Arkansas    (Little Rock) _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____ 4:04CR00013-01 _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| Failure to complete four (4) months at a halfway house | C |
| | |
| | |
| | |
| | |

8. Most Serious Grade of Violation (see §7B1.1(b)) — **C**

9. Criminal History Category (see §7B1.4(a))74 — **I**

10. Range of imprisonment (see §7B1.4(a)) — **3 - 9 months**

    **Statutory Maximum: Twenty (20) Years**

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

{X }   (a)   If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

{ }   (b)   If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

( )   (c)   If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant**   Tamara Murry

12.   **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) 5,500.00                         Community Confinement 80 days unsatisfied

Fine ($)              N/A                          Home Detention                N/A

Other              N/A                          Intermittent Confinement          N/A

13.   **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term:        N/A        to        N/A        years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____0_____

14.   **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15.   **Official Detention Adjustment {see §7B1.3(e)}:  months _____ days _____**

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CR-20063 was distributed by fax, mail, or direct printing on October 19, 2005 to the parties listed.

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT